FILED

2009 JUN -8 PM 1:26

FOR THE NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SAFE AUTO INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>MOHAMMAD FARHAN, ABDAL FARHAN, MARWAN FARHAN, DARLIS WHITE, STEVEN KING, ERIC ALLGOOD, KOFFIEI AKLASSOU, OMERIAWINBUSH, LINCOLNWAY ONE STOP SHOP, INC., and ONE STOP SHOP,<br><br>Defendants. | ) | CAUSE NO: 3:09CV 254 |

**COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff, Safe Auto Insurance Company, and for its Complaint against Defendants, states as follows:

**PARTIES**

1. Plaintiff, Safe Auto Insurance Company ("Safe Auto"), is an insurance company headquartered in Columbus, Ohio and is duly authorized to transact insurance business in the State of Indiana.

2. Upon information and belief, Defendant Mohammed Farhan is a resident of 1517 South 6th Street, Elkhart, Indiana 46516.

3. Upon information and belief, Defendant Abdal Farhan is a resident of 1316 E. Calvert Street, South Bend, Indiana 46613.

4. Upon information and belief, Defendant Marwan Farhan is a resident of 1316 E. Calvert Street, South Bend, Indiana 46613.

5. Upon information and belief, Defendant Darlis White is a resident of 819 Cushing Street, South Bend, Indiana 46616.

6. Upon information and belief, Defendant Steven King is a resident of 127 Franklin Street,

South Bend, Indiana 46616.

7. Upon information and belief, Defendant Eric Allgood is a resident of 1028 Roosevelt Drive, South Bend, Indiana 46628.

8. Upon information and belief, Defendant Koffiei Aklassou is a resident of 108 Remington Court, Apt. C, Mishawaka, Indiana 46545.

9. Upon information and belief, Defendant Omeria Winbush is a resident of 604 Birdfell, South Bend, Indiana 46628.

10. From July 19, 2002 until October 22, 2008, Defendant Lincolnway One Stop Shop, Inc. was a corporation conducting business in the State of Indiana located at 736 Lincolnway West, South Bend, Indiana 46616.

11. Upon information and belief, Defendant Marwan Farhan is a resident of 1316 E. Calvert St., South Bend, Indiana 46613.

12. Defendant Marwan Farhan is the registered agent for Defendant Lincolnway One Stop Shop, Inc.

13. Defendant One Stop Shop is located at 1517 S. 6th Street in Elkhart, Indiana. It is unknown whether Defendant One Stop Shop is a duly authorized corporation.

14. The registered agent for One Stop Shop is unknown.

**JURISDICTION AND VENUE**

15. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction of this matter, since it involves parties with diversity of citizenship and an amount in controversy in excess of $75,000.00.

16. Venue is appropriate under 28 U.S.C. § 1391 in that the specific acts giving rise to this litigation arose in this District and division and all Defendants are residents in this District and division.

**FACTS**

17 Between December 20, 2007 and July 12, 2008, various South Bend and Elkhart residents procured at least eight (8) insurance policies from Safe Auto. The policy applicable to each insured below is attached hereto as Exhibit A.

18. The purported insureds on the policies were Eric Allgood, Koffiei Aklassou, Omeria Winbush, Steven King, Darlis White, Suzan Baker, Mohammed Farhan and Abdal Farhan.

19. On or about December 20, 2007, Defendant Eric Allgood contracted with Safe Auto, for automobile insurance, under policy no.: IN00363455A-00, a copy of which is attached hereto as Exhibit B.

20. On or about January 23, 2008, Defendant Koffiei Aklassou contracted with Safe Auto, for automobile insurance, under policy no.: IN00367800A-00, a copy of which is attached hereto as Exhibit C.

21. On or about January 26, 2008, Defendant Omeria Winbush contracted with Safe Auto, for automobile insurance, under policy no.: IN00368475A-00, a copy of which is attached hereto as Exhibit D.

22. On or about March 16, 2008, Defendant Steven King contracted with Safe Auto, for automobile insurance, under policy no.: IN00379351A-00, a copy of which is attached hereto as Exhibit E.

23. On or about April 9, 2008, Suzan Baker contracted with Safe Auto, for automobile insurance, under policy no.: IN00382700A-00, a copy of which is attached hereto as Exhibit F.

24. On or about June 1, 2008, Defendant Darlis White contracted with Safe Auto, for automobile insurance, under policy no.: IN00389484A-00, a copy of which is attached hereto as Exhibit G.

25. On or about July 1, 2008, Defendant Mohammed Farhan contracted with Safe Auto, for automobile insurance, under policy no.: IN00395160A-00, a copy of which is attached hereto as Exhibit H.

26. On or about July 12, 2008, Defendant Abdal Farhan contracted with Safe Auto, for automobile insurance, under policy no.: IN00395206A-00, a copy of which is attached hereto as Exhibit I.

27. The vehicles insured under the aforementioned policies were all purchased from Wolfe's Auto Auction in South Bend, Indiana by an entity known as Sam's Wholesale.

28. The policies were either obtained by, or subsequent claims were made through, phone calls

made from Lincolnway One Stop Shop, Inc., One Stop Shop or its employees or associates.

29. Some or all of claims which Safe Auto paid were traceable to Lincolnway One Stop Shop Inc.'s business bank account, with First Source Bank in South Bend, Indiana.

**COUNT I – FRAUD, MOHAMMED FARHAN**

30. The Plaintiff incorporates by reference, their allegations contained in rhetorical paragraphs 1-29 as set fully set forth herein.

31. At all relevant times herein, Defendant Mohammed Farhan was the manager of Defendant Lincolnway One Stop Shop, Inc. and Defendant One Stop Shop.

32. On July 16, 2008, Defendant Mohammed Farhan reported that his Dodge Ram truck had accidentally caught fire and afterwards made a claim for insurance proceeds with Safe Auto ("the July 16, 2008 claim").

33. In the process of making the July 16, 2008 claim, Defendant Mohammed Farhan made false and deceptive statements to Safe Auto to procure proceeds under the aforementioned policy of insurance.

34. Safe Auto relied on Defendant Mohammed Farhan's representations to a detriment.

35. In making the representations that Safe Auto relied upon to its detriment, Defendant Mohammed Farhan acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, over zealousness, mere negligence, or other human failing.

36. Safe Auto sustained damages as the proximate result of Defendant Mohammed Farhan's representations, including costs associated with the investigation of the claim, claim payments and the hiring of legal counsel to conduct an examination under oath.

37. Defendant Mohammed Farhan has knowingly and intentionally presented false, incomplete or misleading information to Safe Auto for the purpose of obtaining additional policies of insurance.

38. Defendant Mohammed Farhan has made false and deceptive statements to Safe Auto to procure proceeds under additional policies of insurance.

39. Defendant Mohammed Farhan has used his business interest in Defendant Lincolnway One Stop Shop, Inc. and Defendant One Stop Shop to facilitate a fraudulent venture against Safe Auto.

40. Defendant Mohammed Farhan's actions constitute actual fraud.

41. Defendant Mohammed Farhan's actions constitute constructive fraud.

42. Defendant Mohammed Farhan should pay punitive damages.

43. Plaintiff is entitled to compensation as a victim of a crime.

44. Defendants are joint and severally liable.

45. Plaintiff is entitled to treble damages, the costs of the action, reasonable attorney's fees and travel expenses pursuant to Indiana Code § 34-24-3-1.

**WHEREFORE**, the Plaintiff, Safe Auto Insurance Company, prays for judgment in an amount as is reasonable in the premises against the Defendants, jointly and severally, for costs of this action, for attorney fees and for all other just and proper relief in the premises.

**COUNT II – FRAUD, MARWAN FARHAN**

46. The Plaintiff incorporates by reference, their allegations contained in rhetorical paragraphs 1-45 as set fully set forth herein.

47. At all relevant times herein, Marwan Farhan was the owner and or manager of Defendant Lincolnway One Stop Shop, Inc. and Defendant One Stop Shop.

48. Defendant Marwan Farhan has used his business interest in Defendant Lincolnway One Stop Shop, Inc. and Defendant One Stop Shop to facilitate a fraudulent venture against Safe Auto.

49. Defendant Marwan Farhan's actions constitute actual fraud.

50. Defendant Marwan Farhan's actions constitute constructive fraud.

51. Defendant Marwan Farhan should pay punitive damages.

52. Plaintiff is entitled to compensation from Marwan Farhan as a victim of a crime.

53. Defendants are jointly and severally liable.

54. Plaintiff is entitled to treble damages, the costs of the action, reasonable attorney's fees and travel expenses pursuant to Indiana Code § 34-24-3-1.

**WHEREFORE**, the Plaintiff, Safe Auto Insurance Company, prays for judgment in an amount as is reasonable in the premises against the Defendants, jointly and severally, for costs of this action, for attorney

fees and for all other just and proper relief in the premises.

**COUNT III – FRAUD, DARLIS WHITE**

55. The Plaintiff incorporates by reference, their allegations contained in rhetorical paragraphs 1-55 as set fully set forth herein.

56. On July 27, 2008, Defendant Darlis White reported her 1999 Mercedes Benz had been damaged in a recent accident and afterwards made a claim for insurance proceeds with Safe Auto ("the July 27, 2008 claim").

57. In the process of making the July 27, 2008 claim, Defendant Darlis White made false and deceptive statements to Safe Auto to procure proceeds under the aforementioned policy of insurance.

58. Safe Auto relied on Defendant Darlis White's representations to a detriment.

59. In making the representations that Safe Auto relied upon to its detriment, Defendant Darlis White acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, over zealousness, mere negligence, or other human failing.

60. Safe Auto sustained damages as the proximate result of Defendant Darlis White's representations, including costs associated with the investigation of the claim, claim payments and the hiring of legal counsel to conduct an examination under oath.

61. Defendant Darlis White has knowingly and intentionally presented false, incomplete or misleading information to Safe Auto for the purpose of obtaining additional policies of insurance.

62. Defendant Darlis White has made false and deceptive statements to Safe Auto to procure proceeds under additional policies of insurance.

63. Defendant Darlis White's actions constitute actual fraud.

64. Defendant Darlis White's actions constitute constructive fraud.

65. Defendant Darlis White should pay punitive damages.

66. Plaintiff is entitled to compensation as a victim of a crime.

67. Defendants are joint and severally liable.

68. Plaintiff is entitled to treble damages, the costs of the action, reasonable attorney's fees and travel expenses pursuant to Indiana Code § 34-24-3-1.

**WHEREFORE**, the Plaintiff, Safe Auto Insurance Company, prays for judgment in an amount as is reasonable in the premises against the Defendants, jointly and severally, for costs of this action, for attorney fees and for all other just and proper relief in the premises.

**<u>COUNT IV – FRAUD, STEVEN KING</u>**

69. The Plaintiff incorporates by reference, their allegations contained in rhetorical paragraphs 1-68 as set fully set forth herein.

70. On April 4, 2008, Defendant Steven King reported his parked and unoccupied 2002 Chrysler Intrepid was struck by a hit and run driver and afterwards made a claim for insurance proceeds with Safe Auto ("the April 4, 2008 claim").

71. In the process of making the April 4, 2008 claim, Defendant Steven King made false and deceptive statements to Safe Auto to procure proceeds under the aforementioned policy of insurance.

72. Safe Auto relied on Defendant Steven King's representations to a detriment.

73. In making the representations that Safe Auto relied upon to its detriment, Defendant Steven King acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, over zealousness, mere negligence, or other human failing.

74. Safe Auto sustained damages as the proximate result of Defendant Steven King's representations, including costs associated with the investigation of the claim, claim payments and the hiring of legal counsel to conduct an examination under oath.

75. Defendant Steven King has knowingly and intentionally presented false, incomplete or misleading information to Safe Auto for the purpose of obtaining additional policies of insurance.

76. Defendant Steven King has made false and deceptive statements to Safe Auto to procure proceeds under additional policies of insurance.

77. Defendant Steven King's actions constitute actual fraud.

78. Defendant Steven King's actions constitute constructive fraud.

79. Defendant Steven King should pay punitive damages.

80. Plaintiff is entitled to compensation as a victim of a crime.

81. Defendants are joint and severally liable.

82. Plaintiff is entitled to treble damages, the costs of the action, reasonable attorney's fees and travel expenses pursuant to Indiana Code § 34-24-3-1.

**WHEREFORE**, the Plaintiff, Safe Auto Insurance Company, prays for judgment in an amount as is reasonable in the premises against the Defendants, jointly and severally, for costs of this action, for attorney fees and for all other just and proper relief in the premises.

## COUNT V – FRAUD, ERIC ALLGOOD

83. The Plaintiff incorporates by reference, their allegations contained in rhetorical paragraphs 1-82 as set fully set forth herein.

84. On January 9, 2008, Defendant Eric Allgood reported his parked and unoccupied 2000 BMW 323i was struck by a hit and run driver and afterwards made a claim for insurance proceeds with Safe Auto ("the January 9, 2008 claim").

85. In the process of making the January 9, 2008 claim, Defendant Eric Allgood made false and deceptive statements to Safe Auto to procure proceeds under the aforementioned policy of insurance.

86. Safe Auto relied on Defendant Eric Allgood's representations to a detriment.

87. In making the representations that Safe Auto relied upon to its detriment, Defendant Eric Allgood acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, over zealousness, mere negligence, or other human failing.

88. Safe Auto sustained damages as the proximate result of Defendant Eric Allgood's representations, including costs associated with the investigation of the claim, claim payments and the hiring of legal counsel to conduct an examination under oath.

89. Defendant Eric Allgood has knowingly and intentionally presented false, incomplete or misleading information to Safe Auto for the purpose of obtaining additional policies of insurance.

90. Defendant Eric Allgood has made false and deceptive statements to Safe Auto to procure proceeds under additional policies of insurance.

91. Defendant Eric Allgood's actions constitute actual fraud.

92. Defendant Eric Allgood's actions constitute constructive fraud.

93. Defendant Eric Allgood should pay punitive damages.

94. Plaintiff is entitled to compensation as a victim of a crime.

95. Defendants are joint and severally liable.

96. Plaintiff is entitled to treble damages, the costs of the action, reasonable attorney's fees and travel expenses pursuant to Indiana Code § 34-24-3-1.

**WHEREFORE**, the Plaintiff, Safe Auto Insurance Company, prays for judgment in an amount as is reasonable in the premises against the Defendants, jointly and severally, for costs of this action, for attorney fees and for all other just and proper relief in the premises.

**COUNT VI – FRAUD, KOFFIEI AKLASSOU**

97. The Plaintiff incorporates by reference, their allegations contained in rhetorical paragraphs 1-96 as set fully set forth herein.

98. On February 20, 2008, Defendant Koffieie Aklassou reported his parked and unoccupied 2001 Chevrolet Tahoe was struck by a hit and run driver and afterwards made a claim for insurance proceeds with Safe Auto ("the February 20, 2008 claim").

99. In the process of making the February 20, 2008 claim, Defendant Koffieie Aklassou made false and deceptive statements to Safe Auto to procure proceeds under the aforementioned policy of insurance.

100. Safe Auto relied on Defendant Koffieie Aklassou's representations to a detriment.

101. In making the representations that Safe Auto relied upon to its detriment, Defendant Koffieie Aklassou acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, over zealousness, mere negligence, or other human failing.

102. Safe Auto sustained damages as the proximate result of Defendant Koffieie Aklassou's representations, including costs associated with the investigation of the claim, claim payments and the hiring of legal counsel to conduct an examination under oath.

103. Defendant Koffieie Aklassou has knowingly and intentionally presented false, incomplete or misleading information to Safe Auto for the purpose of obtaining additional policies of insurance.

104. Defendant Koffieie Aklassou has made false and deceptive statements to Safe Auto to procure proceeds under additional policies of insurance.

105. Defendant Koffieie Aklassou's actions constitute actual fraud.

106. Defendant Koffieie Aklassou's actions constitute constructive fraud.

107. Defendant Koffieie Aklassou should pay punitive damages.

108. Plaintiff is entitled to compensation as a victim of a crime.

109. Defendants are joint and severally liable.

110. Plaintiff is entitled to treble damages, the costs of the action, reasonable attorney's fees and travel expenses pursuant to Indiana Code § 34-24-3-1.

**WHEREFORE**, the Plaintiff, Safe Auto Insurance Company, prays for judgment in an amount as is reasonable in the premises against the Defendants, jointly and severally, for costs of this action, for attorney fees and for all other just and proper relief in the premises.

**COUNT VII – FRAUD, OMERIA WINBUSH**

111. The Plaintiff incorporates by reference, their allegations contained in rhetorical paragraphs 1-110 as set fully set forth herein.

112. On January 31, 2008, Defendant Omeria Winbush reported that she struck a building while driving her 1999 Plymouth Grand Voyager and afterwards made a claim for insurance proceeds with Safe Auto ("the January 31, 2008 claim").

113. In the process of making the January 31, 2008 claim, Defendant Omeria Winbush made false and deceptive statements to Safe Auto to procure proceeds under the aforementioned policy of insurance.

114. Safe Auto relied on Defendant Omeria Winbush's representations to a detriment.

115. In making the representations that Safe Auto relied upon to its detriment, Defendant Omeria Winbush acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, over zealousness, mere negligence, or other human failing.

116. Safe Auto sustained damages as the proximate result of Defendant Omeria Winbush's representations, including costs associated with the investigation of the claim, claim payments and the hiring of legal counsel to conduct an examination under oath.

117. Defendant Omeria Winbush has knowingly and intentionally presented false, incomplete or misleading information to Safe Auto for the purpose of obtaining additional policies of insurance.

118. Defendant Omeria Winbush has made false and deceptive statements to Safe Auto to procure proceeds under additional policies of insurance.

119. Defendant Omeria Winbush's actions constitute actual fraud.

120. Defendant Omeria Winbush's actions constitute constructive fraud.

121. Defendant Omeria Winbush should pay punitive damages.

122. Plaintiff is entitled to compensation as a victim of a crime.

123. Defendants are joint and severally liable.

124. Plaintiff is entitled to treble damages, the costs of the action, reasonable attorney's fees and travel expenses pursuant to Indiana Code § 34-24-3-1.

**WHEREFORE**, the Plaintiff, Safe Auto Insurance Company, prays for judgment in an amount as is reasonable in the premises against the Defendants, jointly and severally, for costs of this action, for attorney fees and for all other just and proper relief in the premises.

**COUNT VIII – FRAUD, ABDAL FARHAN**

125. The Plaintiff incorporates by reference, their allegations contained in rhetorical paragraphs 1-124 as set fully set forth herein.

126. At all relevant times herein, Defendant Abdal Farhan was the manager of Defendant Lincolnway One Stop Shop, Inc. and Defendant One Stop Shop.

127. Defendant Abdal Farhan participated and conspired with Defendant Mohammed Farhan in

making the July 16, 2008 claim.

128. Defendant Abdal Farhan participated and conspired with Defendant Darlis White in making the July 27, 2008 claim.

129. In the process of making the July 16, 2008 claim, Defendant Abdal Farhan made false and deceptive statements to Safe Auto to procure proceeds under the aforementioned policy of insurance.

130. In the process of making the July 27, 2008 claim, Defendant Abdal Farhan made false and deceptive statements to Safe Auto to procure proceeds under the aforementioned policy of insurance.

131. Safe Auto relied on Defendant Abdal Farhan's representations to a detriment.

132. In making the representations that Safe Auto relied upon to its detriment, Defendant Abdul Farhan acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, over zealousness, mere negligence, or other human failing.

133. Safe Auto sustained damages as the proximate result of Defendant Abdal Farhan's representations, including costs associated with the investigation of the claim, claim payments and the hiring of legal counsel to conduct an examination under oath.

134. Defendant Abdal Farhan has knowingly and intentionally presented false, incomplete or misleading information to Safe Auto for the purpose of obtaining policies of insurance.

135. Defendant Abdal Farhan has made false and deceptive statements to Safe Auto to procure proceeds under the aforementioned policies of insurance.

136. Defendant Abdal Farhan has used his business interest in Defendant Lincolnway One Stop Shop, Inc. and Defendant One Stop Shop to facilitate a fraudulent venture against Safe Auto.

137. Defendant Abdal Farhan's actions constitute actual fraud.

138. Defendant Abdal Farhan's actions constitute constructive fraud.

139. Defendant Abdal Farhan should pay punitive damages.

140. Plaintiff is entitled to compensation as a victim of a crime.

141. Defendant Abdal Farhan is jointly and severally liable.

142. Plaintiff is entitled to treble damages, the costs of the action, reasonable attorney's fees and travel expenses pursuant to Indiana Code § 34-24-3-1.

**WHEREFORE**, the Plaintiff, Safe Auto Insurance Company, prays for judgment in an amount as is reasonable in the premises against the Defendants, jointly and severally, for costs of this action, for attorney fees and for all other just and proper relief in the premises.

**COUNT IX – FRAUD, LINCOLNWAY ONE STOP SHOP, INC.**

143. The Plaintiff incorporates by reference, their allegations contained in rhetorical paragraphs 1-142 as set fully set forth herein.

144. At all relevant times herein, Marhwan Farhan was the owner and or manager of Defendant Lincolnway One Stop Shop, Inc. and Defendant One Stop Shop.

145. Defendant Lincolnway One Stop Shop, Inc. has been used to facilitate a fraudulent venture against Safe Auto in the purchasing of policies under false pretenses and the making of claims through those policies.

146. On numerous occasions, policies were purchased over the phone using the phone number of Lincolnway One Stop Shop, Inc, even though the purported policyholder was not an employee of or otherwise associated with Lincolnway One Stop Shop, Inc.

147. On numerous occasions, settlement checks on insurance claims were deposited into Lincolnway One Stop Shop, Inc.'s bank account through First Source Bank, even though the claimant or recipient of the proceeds was not an employee of or otherwise associated with the company.

148. Safe Auto sustained damages as the proximate result of Defendant Lincolnway One Stop Shop, Inc.'s actions, including costs associated with the investigation of the claim, claim payments and the hiring of legal counsel.

149. Defendant Lincolnway One Stop Shop, Inc. actions constitute actual fraud.

150. Defendant Lincolnway One Stop Shop, Inc.'s actions constitute constructive fraud.

151. Defendant Lincolnway One Stop Shop, Inc. should pay punitive damages.

152. Plaintiff is entitled to compensation as a victim of a crime.

153. Defendants are jointly and severally liable.

154. Plaintiff is entitled to treble damages, the costs of the action, reasonable attorney's fees and travel expenses pursuant to Indiana Code § 34-24-3-1.

**WHEREFORE**, the Plaintiff, Safe Auto Insurance Company, prays for judgment in an amount as is reasonable in the premises against the Defendants, jointly and severally, for costs of this action, for attorney fees and for all other just and proper relief in the premises.

**COUNT X – FRAUD, ONE STOP SHOP**

155. The Plaintiff incorporates by reference, their allegations contained in rhetorical paragraphs 1-154 as set fully set forth herein.

156. At all relevant times herein, Marhwan Farhan was the owner and or manager of Defendant Lincolnway One Stop Shop, Inc. and Defendant One Stop Shop.

157. Defendant One Stop Shop has been used to facilitate a fraudulent venture against Safe Auto in the purchasing of policies under false pretenses and the making of claims through those policies.

158. On numerous occasions, policies were purchased over the phone using the phone number of One Stop Shop, even though the purported policyholder was not an employee of or otherwise associated with One Stop.

159. On numerous occasions, settlement checks on insurance claims were deposited into Defendant One Stop Shop's bank account through First Source Bank, even though the claimant or recipient of the proceeds was not an employee of or otherwise associated with the company.

160. As a result of such conduct, Defendant One Stop Shop, Inc. should pay punitive damages.

161. Plaintiff is further entitled to compensation from Defendant One Stop Shop as a victim of a crime.

162. Defendants are jointly and severally liable.

163. Plaintiff is entitled to treble damages, the costs of the action, reasonable attorney's fees and travel expenses pursuant to Indiana Code § 34-24-3-1.

**WHEREFORE**, the Plaintiff, Safe Auto Insurance Company, prays for judgment in an amount as is reasonable in the premises against the Defendants, jointly and severally, for costs of this action, for attorney fees and for all other just and proper relief in the premises.

Respectfully submitted,

MANDEL POLLACK & HORN, P.C.

Kirk A. Horn (15194-06)
*Attorney for Plaintiff, Safe Auto Insurance Company*

MANDEL POLLACK & HORN, P.C.
704 Adams Street, Suite F
Carmel, IN 46032
317/848-7000
317/848-6197 *(facsimile)*

**DEMAND FOR TRIAL BY JURY**

The Plaintiff demands trial by jury.

Respectfully submitted,

MANDEL POLLACK & HORN, P.C.

Kirk A. Horn (15194-06)
*Attorney for Plaintiff, Safe Auto Insurance Company*

MANDEL POLLACK & HORN, P.C.
704 Adams Street, Suite F
Carmel, IN 46032
317/848-7000
317/848-6197 *(facsimile)*